# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o DIANE COVELLI; IN-BALANCE HEALTH, LLC a/s/o DIANE COVELLI; and HEALTH SWITCH, LLC a/s/o DIANE COVELLI,<br><br>Plaintiffs,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NJ; ABC CORP. (1-10)(Said names being fictitious and unknown entities)<br><br>Defendant(s), | Civil Action No.: 2:12-cv-3995 |

**PROPOSED JOINT DISCOVERY PLAN FOR RULE 16 CONFERENCE SCHEDULED October 11, 2012 at 11:30 am**

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Andrew R. Bronsnick, Esquire, Massood & Bronsnick, 50 Packanack Lake Road East, Wayne, New Jersey 07470, Phone (973) 696-1900, Facsimile (973) 696-4211. Attorney for Plaintiffs.

Matthew A. Baker, Esquire, Connell Foley, 457 Haddonfield Road, Suite 230, Cherry Hill, NJ 08002, Phone (856) 317-7100, Facsimile (856) 317-7117. Attorney for Defendant, Horizon Blue Cross Blue Shield of New Jersey.

2. Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

This is a claim for benefits under a fully funded health benefits plan sponsored and/or administered by Horizon Blue Cross Blue Shield of New Jersey, organized pursuant to ERISA. Claim is for services rendered to Plaintiffs' patient on March 30, 2010 through April 1, 2010. The claim, for Manipulations Under Anesthesia, was denied under the terms of the applicable health benefits plan as "experimental and investigational. Plaintiff is disputing and arguing that

1

these claims were medically necessary and should be covered under the terms of the applicable health benefits plan.

3. Has this action been: Settled: __No__  Discontinued: __No__
   If so, has there been a Stipulation/Dismissal filed?  N/A

4. Have settlement discussions taken place? Yes _____   No __X__
   If so, when?

5. The parties have not exchanged the information required by Fed.R.Civ.P. 26(a)(1).
   Rule 26 Disclosures: are in the process of being prepared

6. Explain any problems in connection with completing the disclosures required by Fed.R.Civ.P. 26(a)(1).

   None known at this time.

7. Plaintiff has not propounded interrogatories

8. The parties have not physically met but have conferred regarding the provision of the Proposed Joint Discovery Plan.

   (a) If not, state the reason therefore.

   (b) If so, state the date of the meeting and the persons in attendance.

9. The following [is__X__ is not _____] a proposed joint discovery plan.

   (a) Establishment of the Administrative Record.

   (b) Discovery [should _____ should not__X__] be conducted in phases or be limited to particular issues. Explain.
   Per Defendant: Plaintiff's claim is a claim for benefits pursuant to an ERISA-based healthcare benefit plan and therefore with respect to that claim discovery is limited to ascertaining that which comprises the administrative record and the record of the claims handling.

   (c) Discovery should be limited to the administrative record except with respect to any counterclaims that may be filed based on submission of excessive fees.

   (c) Deadline to serve Initial Interrogatories should be December 14, 2012.

(d) Maximum of 2 depositions to be taken by each party.

(e) Motions to amend or add parties to be filed by January 18, 2012

(f) Fact discovery to be completed by March 1, 2013

(e) Plaintiff's expert report due as directed by court.

(f) Defendant's expert report due as directed by court.

(h) Dispositive motions to be served within 60 days of completion of discovery.

(j) Expert depositions to be completed by as directed by court.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: None anticipated.

(l) A pretrial conference may take place on <u>any date to be determined by the Court.</u>

(m) Trial date: To be determined.

10. Do you anticipate any discovery problem(s)? Yes _____ No __X__

11. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?

   None currently anticipated.

12. State whether this case is appropriate for voluntary arbitration (pursuant to <u>L.Civ.R.</u> 201.1 or otherwise), mediation (pursuant to <u>L.Civ.R.</u> 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.)

   **These proceedings would not be productive**

13. Is this case appropriate for bifurcation?   Yes _____ No __X__

14. An interim status settlement conference (with clients in attendance), should be held <u>at a date to be determined by the Court.</u>

2790142-01

15. It is anticipated that this matter may be decided by dispositive motion.

16. We [do _____ do not XXX] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

    **None.**

                MASSOOD & BRONSNICK, LLC

                *s/Andrew Bronsnick*
                Andrew Bronsnick, Esq.
                Attorney for Plaintiff
                Montvale Surgical Center

Dated: October 11, 2012

                CONNELL FOLEY, LLP

                *s/ Matthew Baker*
                Matthew A. Baker, Esq.
                Attorney for Defendant
                Horizon Blue Cross Blue Shield

Dated: October 11, 2012