**EXHIBIT I**



ADVANCED REHABILITATION, LLC; IRBY SPINE CARE, PC; SHORE SPINE CENTER & PHYSICAL REHABILITATION, PC on behalf of themselves and others similarly situated, Appellants v. UNITEDHEALTHGROUP, INC.; UNITEDHEATHCARE; UNITEDHEALTHCARE INSURANCE COMPANY OF NEW YORK, INC.; UNITEDHEALTHCARE INSURANCE COMPANY; UNITEDHEALTHCARESERVICE, LLC; OXFORD HEALTH PLANS LLC; OXFORD HEALTH PLANS (NY), INC.; OXFORD HEALTH PLANS (NJ), INC.; OXFORD HEALTH INSURANCE, INC.

No. 11-4269

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

*2012 U.S. App. LEXIS 20050*

September 20, 2012, Submitted Under Third Circuit LAR 34.1(a)
September 25, 2012, Filed

**NOTICE:** NOT PRECEDENTIAL OPINION UNDER THIRD CIRCUIT INTERNAL OPERATING PROCEDURE RULE 5.7. SUCH OPINIONS ARE NOT REGARDED AS PRECEDENTS WHICH BIND THE COURT.

PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1]
On Appeal from the United States District Court for the District of New Jersey. (D.C. No. 10-cv-00263). District Judge: Honorable Dennis M. Cavanaugh.
*Advanced Rehab., LLC v. Unitedhealth Group, Inc., 2011 U.S. Dist. LEXIS 27710 (D.N.J., Mar. 17, 2011)*

**COUNSEL:** For ADVANCED REHAB, IRBY SPINE CARE, SHORE SPINE CENTER & PHYSICAL REHABILITATION, Plaintiff - Appellants: Lawrence P. Eagel, Esq., Bragar Wexler Eagel & Squire, New York, NY; Julie Lefkowitz, Esq., Hackensack, NJ.

For UNITED HEALTH GRP, UNITED HEATH CARE, UNITED HEALTHCARE INS CO, UNITED HEALTHCARE INS CO OF NEW YORK, UNITED HEALTHCARE SER, OXFORD HEALTH PLANS LLC, OXFORD HEALTHPLANS NEW YORK, OXFORD HEALTHPLANS NEW JERSEY, OXFORD HEALTH INS, Defendant - Appellees: Brian D. Boyle, Esq., Christopher D. Catalano, Esq., Jonathan D. Hacker, Esq., O'Melveny & Myers, Washington, DC; Thomas R. Curtin, Esq., George C. Jones, Esq., Graham Curtin, Morristown, NJ; Andrew J. Frackman, Esq., Anton Metlitsky, Esq., O'Melveny & Myers, New York, NY.

**JUDGES:** Before: SLOVITER, RENDELL and HARDIMAN, Circuit Judges.

**OPINION BY:** HARDIMAN

**OPINION**

OPINION OF THE COURT

HARDIMAN, *Circuit Judge.*

Advanced Rehabilitation, LLC, Irby Spine Care, PC,

and Shore Spine Center & Physical Therapy, PC (collectively, Plaintiffs), filed a class action against UnitedHealth Group, Inc., and its wholly owned [*2] subsidiaries operating in New York and New Jersey (collectively, UnitedHealth). Plaintiffs allege that UnitedHealth violated the Employee Retirement Income Security Act (ERISA) and state law by refusing to reimburse them for performing certain medical procedures. The United States District Court for the District of New Jersey granted UnitedHealth's motion to dismiss for failure to state a claim and denied Plaintiffs' subsequent motion seeking both reconsideration and leave to file a second amended complaint. For the reasons that follow, we will affirm.

I

Because we write for the parties, we recount only the essential facts and procedural history.

Plaintiffs were healthcare providers who did not participate in UnitedHealth's provider network. This meant they were free to set their own rates, for which their patients could seek reimbursement pursuant to their own UnitedHealth plans. As a matter of course, however, patients assigned their insurance benefits to Plaintiffs, who then were entitled to seek reimbursement from UnitedHealth.

Four health plans are at issue in this case: the Empire Plan, the Verizon Choices plan, the Port Authority Plan, and the Freedom Plan. Under all four plans, [*3] UnitedHealth was to make an initial determination as to whether a procedure was covered. If coverage was denied, the insured could appeal that determination either internally to UnitedHealth or to a state-certified entity before filing suit in court.[1]

> 1 The Verizon and Freedom Plans were governed by ERISA, while the Empire and the Port Authority Plans were not. ERISA provides for a beneficiary to sue for "benefits due to him under the terms" of an ERISA-governed health plan. *29 U.S.C. § 1132(a)*.

All four plans covered only treatment that UnitedHealth deemed "medically necessary." While the meaning of "medical necessity" differed slightly under each plan, it generally required treatment to be (1) necessary to meet the patient's needs, (2) not solely for the patient's convenience, (3) the most appropriate level of service that could safely be supplied, (4) supported by national medical standards, and (5) considered by medical literature to be a safe and effective method of treating the patient's symptoms. The plans also excluded procedures that UnitedHealth considered experimental, investigational, or unproven.

The amended complaint at issue on appeal alleges that each Plaintiff performed [*4] manipulation under anesthesia (MUA), a type of manual therapy intended to improve articular and soft tissue movement. For joints lacking a complete range of motion, a specially trained physician and an anesthesiologist work together to break up scar tissue around the joint.

According to the complaint, MUA procedures have been listed for more than thirty years under a Category I CPT code in the Codebook of Reimbursable Procedures published by the American Medical Association (AMA). Plaintiffs claim that for a procedure to be listed under that code, the AMA must determine that the procedure: (1) "has received approval from the Food and Drug Administration;" (2) "is a distinct service performed by many physicians . . . across the United States;" and (3) "is well-established and documented in the peer-reviewed literature in the United States."

Plaintiffs allege that UnitedHealth routinely denies reimbursement for MUA because it considers the treatment not "medically necessary." The complaint cites four representative cases in which UnitedHealth denied reimbursement for MUA procedures performed on patients who were covered by a UnitedHealth plan. In each case, one of the Plaintiffs pursued [*5] several levels of appeal but was informed that UnitedHealth was denying coverage. After exhausting their administrative appeals, Plaintiffs filed suit in the District Court.

Plaintiffs' complaint alleged breach of contract and breach of fiduciary duty under both ERISA and state law. UnitedHealth moved to dismiss the complaint for failure to state a claim, and Plaintiffs filed an amended complaint. UnitedHealth again moved to dismiss.

Although the case had not reached discovery, the District Court requested copies of UnitedHealth's letters denying coverage for MUA procedures. UnitedHealth complied with that request, and Plaintiffs submitted related documents. The letters demonstrated that Plaintiffs had sought coverage for MUA treatment and that their claims had been denied based on UnitedHealth's

determination that MUA was either "experimental" or not "medically necessary."

The District Court dismissed the amended complaint. Plaintiffs then moved both for reconsideration and for leave to file a second amended complaint, but their motion was denied. Plaintiffs filed a timely notice of appeal.

II [2]

> 2  The District Court had jurisdiction pursuant to *28 U.S.C. §§ 1331* and *1367.* We have jurisdiction [*6] under *28 U.S.C. § 1291.* We exercise plenary review over the grant of a motion to dismiss under *Federal Rule of Civil Procedure 12(b)(6). Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011).*

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P. 12(b)(6).* The court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)* (quoting *Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).* Nevertheless, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)* (citation and internal quotation marks omitted). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id. at 570.*

We engage in a three-step analysis to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff [*7] must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Burtch, 662 F.3d at 221* (quoting *Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)).*

III

We begin with Plaintiffs' challenge to the District Court's dismissal of their amended complaint. Plaintiffs argue that the complaint stated a plausible entitlement to relief. We disagree.

Under the representative plans, UnitedHealth retained discretion to determine whether procedures were "medically necessary" or "experimental." We review these determinations for abuse of discretion. *Viera v. Life Ins. Co. of N. Am., 642 F.3d 407, 413 (3d Cir. 2011).* Consequently, we may overturn a plan administrator's decision only "if it is 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Miller v. Am. Airlines, Inc., 632 F.3d 837, 845 (3d Cir. 2011)* (quoting *Abnathya v. Hoffmann-La Roche, Inc., 2 F.3d 40, 45 (3d Cir. 1993)).*

In [*8] analyzing whether Plaintiffs have pleaded sufficient facts to demonstrate that UnitedHealth's coverage determinations plausibly amounted to an abuse of discretion, we first note that the amended complaint does not explicitly allege that MUA procedures were "medically necessary" and not "experimental." According to Plaintiffs, however, their complaint "rest[s] on the premise that the MUA treatments fit th[e] criteria" of "medical necessity" because "otherwise, the procedures would not have been covered by the plans." [3] Plaintiffs' Br. 19. In our view, Plaintiffs' implicit claim that MUA treatments are covered by UnitedHealth plans is merely a "naked assertion" that stops "short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly, 550 U.S. at 557* (citing *DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 56 (1st Cir. 1999)).*

> 3  As we discuss below, even if Plaintiffs had asserted that the MUA procedures were "medically necessary," that would have been insufficient because, whether express or implied, conclusory allegations without more cannot "unlock the doors of discovery." *Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).* "Threadbare recitals of the [*9] elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id. at 678* (citing *Twombly, 550 U.S. at 555).*

Nor does the amended complaint make specific factual allegations from which we can infer that MUA procedures were covered. Despite the fact that a "medical necessity" determination requires an individualized assessment based on the specific needs of a patient, Plaintiffs have alleged no facts to demonstrate that MUA procedures were "medically necessary" for the particular patients who received them. Plaintiffs have not even alleged that MUA procedures were beneficial to their patients, let alone necessary to meet their needs. The amended complaint likewise contains no facts suggesting that MUA treatment was the most appropriate level of service that could safely be supplied in the given circumstances.

Similarly, Plaintiffs have failed to allege that MUA procedures were both consistent with national medical standards and considered by medical literature to be safe and effective. Plaintiffs cite only the AMA's listing of MUA procedures under a Category 1 CPT code, which Plaintiffs assert "may not be dispositive of the appropriateness of MUA procedures here, [*10] [but] certainly, at a minimum, lends weight to the plausibility of Plaintiffs' claims." Plaintiffs' Br. 18. But a mere CPT code is not enough to establish a plausible entitlement to relief. Indeed, in its Introduction to the Codebook, the AMA warns that "[i]nclusion in the . . . codebook does not represent endorsement . . . of any particular diagnostic or therapeutic procedure." [4] The Introduction also states that "inclusion or exclusion of a procedure does not imply any health insurance coverage or reimbursement policy." And even if a CPT code from just one organization were enough to suggest that MUA treatment is consistent with national standards, Plaintiffs have not demonstrated that such treatment plausibly would be considered safe and effective for treating the individual patients in this case. Without such an individualized assessment, the complaint is fatally flawed.

    4  Plaintiffs contend that the District Court erred by considering facts like these, which fall outside the complaint, without converting UnitedHealth's motion into a motion for summary judgment. This argument is unavailing. "As a general matter, a district court ruling on a motion to dismiss may not consider matters [*11] extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985)). "However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Id.* (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). In this case, the District Court properly considered both the UnitedHealth plans and the AMA's Codebook because they were "integral to" and "explicitly relied upon" in the complaint. *Cf. DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 444 n.2 (3d Cir. 2003) (permitting consideration of plan documents where "DiFelice's reference to 'medical necessity' [was] clearly derived from the terms of the Plan"). And though the District Court requested UnitedHealth's letters denying coverage, it did not rely on any substantive facts gleaned from those documents.

Finally, Plaintiffs argue that facts regarding individualized treatment are unnecessary in this case because UnitedHealth maintained "a company-wide practice [*12] by which all in-house appeals of the denial of claims for MUA's [were] routinely rejected without regard to the merits of the particular individual claims." Even assuming the existence of such a policy, however, Plaintiffs' allegations fall well short of plausibly showing that the policy was arbitrary and capricious. Indeed, if MUA procedures were either "experimental" or not "medically necessary" as defined by the representative plans, routinely denying coverage for such procedures would have been consistent with the terms of those plans.

For all of these reasons, the District Court did not err when it granted UnitedHealth's motion to dismiss the amended complaint.

IV

We now turn to Plaintiffs' argument that the District Court erred when it denied their motion for leave to amend. "We review the District Court's denial of a . . . motion to amend the complaint for abuse of discretion, but we review the District Court's underlying legal determinations *de novo* and factual determinations for clear error." *Burtch*, 662 F.3d at 220 (citations omitted).

The District Court did not abuse its discretion in denying Plaintiffs' motion because the proposed complaint would not have demonstrated a plausible

[*13] entitlement to relief. *Id. at 231* (indicating that futility is a valid reason to deny a motion for leave to file an amended complaint). Amendment is futile when the "'complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010)*(quoting *In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007))*.

In relevant part, the proposed complaint added only conclusory allegations that MUA was "medically necessary," as well as an isolated claim that one medical journal article from 1999 had found MUA to be "safe and efficacious" in certain contexts. These additions were inadequate to have withstood another motion from UnitedHealth to dismiss the complaint. Consequently, the District Court did not abuse its discretion when it denied Plaintiffs leave to file a second amended complaint.

V

For the reasons stated, we will affirm the District Court's orders granting UnitedHealth's motion to dismiss and denying Plaintiffs' motion.