IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o D.C; IN-BALANCE HEALTH, LLC a/s/o D.C.; and HEALTH SWITCH, LLC a/s/o D.C., <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NJ; ABC CORP. 1-10 (said names being fictitious and unknown entities), <br><br> Defendants. | CIVIL ACTION NO.: 12-3995 |

## STATEMENT OF UNCONTESTED FACTS

Pursuant to Local Rule 56.1, Defendant Horizon Blue Cross Blue Shield of New Jersey respectfully submits this Statement of Uncontested Facts in Support of their Motion for Summary Judgment in their favor and against Plaintiffs.

**A.  The Parties**

1. Horizon is a not-for-profit health service corporation established under the Health Service Corporation Act, N.J.S.A. 17:48E-1 to -48, and is authorized to transact business in the State of New Jersey, with its principal place of business located at Three Penn Plaza, Newark, New Jersey. (Notice of Removal, ¶ 3).

2. Horizon, among other things, provides health benefits and administers benefits for participants and beneficiaries of employee health benefit plans governed by the Employee

Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). (Notice of Removal, ¶ 3).

3. Horizon publishes a specific policy which governs benefits for manipulation under anesthesia. (Exhibit "H").

4. Horizon Medical Policy #079 states that "spinal manipulation under anesthesia (MUA) is considered investigational for the treatment of pain syndromes of musculoskeletal origin including, but are not limited to, acute and effective treatment for pain syndromes of musculoskeletal origin." (emphasis in original). (Exhibit "H").

5. Medical Policy #079 explains "there is a lack of evidence form available published literature that spinal manipulation under anesthesia has been established as safe and effective for treatment of pain symptoms of musculoskeletal origin." Medical Policy #079 has cites to numerous studies and references to support its findings. (Exhibit "H").

**B.   The Plaintiff Providers**

6. Plaintiff Montvale Surgical Center ("MSC") is an outpatient Ambulatory Surgery Center (ASC) where physicians perform minimally invasive pain management and podiatry procedures. (Complaint, ¶ 1).

7. Plaintiffs In-Balance Health ("In-Balance") and Health Switch, LLC ("Health Switch") are chiropractic centers that provided various medical services at MSC, including manipulations under anesthesia, to subscribers enrolled in the healthcare plans of Horizon. (Complaint, ¶¶ 2 & 3).

8. Each of the Plaintiffs is an "out-of-network" medical provider that does not have a contract with Horizon (Complaint, ¶¶ 1 to 3) and brings this action as an alleged assignee of D.C. (Complaint, ¶ 7)

2

9. D.C. was a participant in an employee health benefit plan established by her employer, Escandon, Fernicola, Anderson and Covelli, LLC, and insured by Horizon. (NOR, ¶ 1).

### C. The Applicable ERISA-Governed Employee Benefits Plan

10. D.C. receives health benefits from her employer, Escandon, Fernicola, Anderson and Covelli, LLC, through an employee benefit plan governed by ERISA (the "Plan"). (Attached hereto as Exhibit "A" are the relevant portions of the Plan).

11. Under the terms of the Plan, Horizon holds discretionary authority and "the sole right to make a decision or determination. The decision will be applied in a reasonable and non-discriminatory manner." (Exhibit "A" pp. 17).

12. The Plan excludes from benefits those services considered "experimental and investigational." (Exhibit "A" pp. 75).

13. Experimental or investigational means any service or supply that "Horizon BCBSNJ determines . . . is not of proven benefit for the particular diagnosis or treatment of a particular condition; or not generally recognized by the medical community as effective or appropriate for the particular diagnosis or treatment of a particular condition … ." (Id. at pp. 18).

14. Horizon uses a number of factors to determine if a service is "experimental and investigational," including but not limited to:

> b. Conclusive evidence from the published peer-reviewed medical literature must exist that the technology has a definite positive effect on health outcomes; such evidence must include well designed investigations that have been reproduced by non affiliated authoritative sources, with measurable results, backed up by the positive endorsements of national medical bodies or panels regarding scientific efficacy and rationale;
>
> c. Demonstrated evidence as reflected in the published peer-reviewed medical literature must exist that over time the

3

>technology leads to improvement in health outcomes, i.e., the beneficial effects outweigh any harmful effects;
>
>d. Proof as reflected in the published peer-reviewed medical literature must exist that the technology is at least as effective in improving health outcomes as established technology, or is usable in appropriate clinical contexts in which established technology is not employable;
>
>e. Proof as reflected in the published peer reviewed medical literature must exist that improvements in health outcomes; as defined in item c. above, is possible in standard conditions of medical practice, outside clinical investigatory settings.

(Id. at. 18-19 ).

15. The Plan only provides benefits for "medically necessary and appropriate" services. (Exhibit "A" pp. 76).

16. "Medically necessary and appropriate" means that a service or supply is provided by a recognized health care Provider and Horizon BCBSNJ determines in its discretion is:

>necessary for the symptoms and diagnosis or treatment of the condition, Illness or Injury; provided for the diagnosis, or the direct care and treatment, of the condition, Illness or Injury; in accordance with generally accepted medical practice; not for the convenience of a Covered Person; the most appropriate level of medical care the Covered Person needs; and furnished within the framework of generally accepted methods of medical management currently used in the United States.

(Exhibit "A" pp. 21-22).

17. The Plan specifically states "the fact that an attending Practitioner prescribes, orders, recommends or approves the care, or the length of time care is received, does not make the services Medically Necessary and Appropriate." (Exhibit "A" pp. 22).

### D. Horizon Properly Denied Benefits for MUAs under the Terms of the Plan

#### 1. Horizon Properly Denied Plaintiffs' Claim for Services

4

2845901-01

18.   Plaintiffs seek to recover payments for manipulations under anesthesia provided to D.C. from March 30, 2010, through April 1, 2010. (Complaint).

19.   Horizon denied reimbursement for the MUA services at issue on the basis that "this service is considered an experimental procedure, it is ineligible for payment." (Attached hereto as Exhibit "B" is the Explanation of Benefits form for the services at issue).

### 2.   Horizon Properly Determined Plaintiffs Appeals for the Denial of Benefits

20.   Plaintiffs first submitted an appeal to Horizon on or about July 23, 2010. (Attached hereto as Exhibit "C" is the appeal dated 07/23/2010). The appeal was made by Precision Billing on behalf of Plaintiff In-Balance. (Id.)

21.   The appeal simply stated "enclosed you will find claim forms that are being resubmitted as an appeal for processing. These claims are not duplicate. The enclosed are: sent with progress notes to establish medical necessity." (Id.)

22.   Horizon responded to this appeal on or about November 16, 2010, upholding its original determination. (Attached hereto as Exhibit "D" is Horizon's appeal response dated 11/16/2010). Horizon's response explicitly stated "the manipulation of any portion of the spine is investigational." (Id.)

23.   On or about January 26, 2011, Plaintiffs submitted another appeal to Horizon. (Attached hereto as Exhibit "E" is the appeal dated 11/26/2011). This appeal was made by Precision Billing on behalf of Plaintiff Health Switch. (Id.)

24.   The appeal claims that "Spinal Manipulation under anesthesia and all other manipulations under anesthesia or [sic] not experimental and investigational." (Id.)

25.   Horizon responded to this appeal on or about June 8, 2011, upholding the denial. (Attached hereto as Exhibit "F" is Horizon's appeal response dated 06/08/2011).

26. The appeal decision stated "CPT code 22505 is denied for all dates of service. Per medical policy #079. Manipulation of the spine under anesthesia is investigational. Your plan only provides coverage for services by us deemed to be medically necessary and appropriate." (Id.)

E. **Plaintiff's Claim for Benefits Under the Plan**

27. Plaintiffs filed a Complaint against Horizon seeking payment for manipulations under anesthesia purportedly rendered to D.C. on March 30, 2010 through April 1, 2010. (Complaint).

28. Payment for these services was denied as the services were deemed experimental and investigational. (Complaint ¶ 15).

29. Plaintiffs contend that "there exists AMA-CPT codes that indicate that MUA treatment is not investigational or experimental, as well as nationally accepted criteria for practicing MUA on selected patients." (Id.).

30. Plaintiffs seek increased reimbursement for these services in the amount of $39,500. (Complaint ¶ 12).

31. In addition to its claim for benefits under the Plan, Plaintiffs bring various state law claims for breach of contract, promissory estoppel and misrepresentation based on Horizon's denial of benefits. (Complaint Counts II through IV).

**CONNELL FOLEY LLP**
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, New Jersey 08002
(856) 317-7100

*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield of New Jersey*

BY: _____
Matthew A. Baker, Esquire

DATE:   January 24, 2013

7

2845901-01