IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER a/s/o D.C.; IN-BALANCE HEALTH, LLC a/s/o D.C.; HEALTH SWITCH, LLC a/s/o D.C., <br><br>Plaintiffs, <br><br>v. <br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; ABC CORP. (1-10)(Said names being fictitious and unknown entities), <br><br>Defendants. | CIVIL ACTION NO.: 2:12-CV-03995 |

**DEFENDANT HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY'S REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION OF HORIZON'S MOTION FOR SUMMARY JUDGMENT**

Connell Foley LLP
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield*
*of New Jersey*
Liberty View
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002
(856) 317-7100

*Of Counsel*:
Edward S. Wardell, Esquire

*On the Brief*:
Matthew A. Baker, Esquire

2868772-01

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS .................................................................................................. ii

TABLE OF AUTHORITIES ........................................................................................... iii

I. INTRODUCTION ............................................................................................. 1

II. STATEMENT OF FACTS ................................................................................ 1

    A. Plaintiffs' Claims ...................................................................................... 1

    B. Horizon's Discretion to Determine the Benefits Available Under the Terms of the Plan .................................................................................... 2

    C. The Administrative Record for the Appeals of the Claims at Issue ............ 3

III. LEGAL ARGUMENT ....................................................................................... 4

    A. Plaintiffs Have Improperly Stated the Standard of Review ...................... 4

    B. Plaintiffs Have Failed to Establish that Horizon's Denial was Arbitrary and Capricious Based on the Applicable Record ..................... 5

        1. Plaintiffs Have Failed to Demonstrate that Horizon has Acted in Violation of ERISA ................................................................. 5

        2. Plaintiffs Failed to Appeal the Issue of Medical Necessity for the MUA Procedures at Issue in this Litigation ................................. 6

        3. The Applicable Legal Authority Illustrates that Horizon is Entitled to Summary Judgment as a Matter of Law ........................ 7

    C. Plaintiffs' State Law Claims are Pre-Empted by ERISA ......................... 9

    D. Horizon is Entitled to Reasonable Attorney's Fees and Costs ................. 9

CONCLUSION ............................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

Advanced Rehab, LLC v. United Healthgroup, Inc., 2012 U.S. App.
LEXIS 20050 (3d Cir. September 25, 2012) ...................................................10, 11, 13

DeVito v. Aetna, 536 F.Supp.2d 523 (D.N.J. 2008) ..................................................................10

Generations Physical Med., LLC v. United Health Care Servs., Inc.,
Civ. A. No. 11-2790, 2012 U.S. Dist. LEXIS 5675 (D.N.J. Jan. 18, 2012) ...............11

Howley v. Mellon Fin. Corp., 625 F.3d 788 (3d Cir. 2010) ........................................................7

McPherson v. Employees' Pension Plan of Am. Re-Insurance Co.,
33 F.3d 253 (3d Cir. 1994) ..........................................................................................12

Shapiro v. Metropolitan Life Ins. Co., 2010 WL 1779392 (D.N.J. 2010) ..................................7

**Rules**

29 U.S.C. §1001 et seq. ........................................................................................................4, 13

29 U.S.C. §1132(a) ..................................................................................................................12

29 U.S.C. §1132(g) ..................................................................................................................12

29 U.S.C. §1144(a) ..................................................................................................................12

I.      INTRODUCTION

Plaintiffs Montvale Surgical Center ("MSC"), In-Balance Health, LLC ("In-Balance") and Health Switch, LLC ("Health Switch") brought this action against Horizon Blue Cross Blue Shield of New Jersey ("Horizon") as the assignee of D.C. to recover benefits for manipulations under anesthesia ("MUA") rendered to D.C. by two (2) chiropractors on or about March 30, 2010 through April 1, 2010. D.C. received coverage under a health benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA"). Horizon seeks summary judgment on the basis that Horizon properly denied coverage for the claims at issue as "experimental and investigational" under the terms of the Plan, and upheld this determination on multiple appeals. Plaintiffs oppose Horizon's motion for summary judgment, contending that Horizon "acted in violation of ERISA" and arguing that "Plaintiffs never reached the issue of Medical Necessity" on appeal. Horizon submits this reply brief in further support of its motion for summary judgment.

II.     STATEMENT OF FACTS

The facts on which Horizon's motion for summary judgment is based are not in dispute.

A.      Plaintiffs' Claims

Plaintiffs MSC, In-Balance and Health Switch are out-of-network providers that do not have a contract with Horizon. (Horizon's Motion for Summary Judgment, SOF, ¶ 6, 7, 8). Plaintiffs are bringing this action as the alleged assignees of D.C., to recover benefits for MUAs rendered to D.C. on or about March 30, 2010 through April 1, 2010. D.C. received coverage under a health benefit plan sponsored by her employer, Escandon, Fernicola, Anderson & Covelli, LLC and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 ("ERISA"). (SOF, ¶ 8, 9).

Plaintiffs submitted charges in the amount of $39,500 for the MUAs rendered to D.C. on March 30, 2010 through April 1, 2010. (SOF, ¶ 18, 30). Horizon denied coverage for the MUAs on the basis that "the service is considered an experimental procedure, it is ineligible for payment." (SOF, ¶ 19).

### B. Horizon's Discretion to Determine the Benefits Available Under the Terms of the Plan

Under the terms of the Plan, Horizon holds discretionary authority and "the sole right to make a decision or determination." (SOF, ¶ 11). The Plan excludes from coverage services deemed "experimental and investigational." (SOF, ¶ 12). Experimental or investigational means any service or supply that "Horizon BCBSNJ determines ... is not of proven benefit for the particular diagnosis or treatment of a particular condition; or not generally recognized by the medical community as effective or appropriate for the particular diagnosis or treatment of a particular condition ... ." (SOF, ¶ 13). Horizon uses a number of factors to determine if a service is "experimental and investigational." These factors include conclusive, demonstrated evidence and proof from published, peer-reviewed medical literature that the technology has a definite positive effect on health outcomes. (SOF, ¶ 14).

Furthermore, the Plan only provides benefits for "medically necessary and appropriate services." (SOF, ¶ 15). Under the Plan, "medically necessary and appropriate" is defined as a service or supply that is provided by a recognized health care provider and Horizon determines, in its discretion, that the service is:

> Necessary for the symptoms and diagnosis or treatment of the condition, Illness or Injury; provided for the diagnosis, or the direct care and treatment, of the condition, Illness or Injury; in accordance with generally accepted medical practice; not for the convenience of a Covered Person; the most appropriate level of medical care the Covered Person needs; and furnished within the framework of generally accepted methods of medical management currently used in the Untied States.

2

(SOF, ¶ 16). The Plan specifically notes that "the fact that an attending practitioner prescribes, orders, recommends, or approves the care ... does not make the services medically necessary and appropriate." (SOF, ¶ 17).

### C. The Administrative Record for the Appeals of the Claims at Issue

Plaintiffs filed multiple appeals, as provided by the Plan, in an attempt to get Horizon to overturn its original benefit determination. (SOF, ¶ 20, 23). These appeals were comprised of vague, conclusory statements such as "spinal manipulation under anesthesia and all other manipulation under anesthesia or [sic] not experimental and investigational." (SOF, ¶ 24).

In their appeals, Plaintiffs failed to provide any individualized assessment as to why the MUAs rendered to D.C. were medically necessary and not "experimental and investigational." (Horizon's Motion for Summary Judgment, Exhibits "C" and "E"). In their appeals, Plaintiffs stated "the enclosed are: sent with progress notes to establish medical necessity." (SOF, ¶ 21). However, it is clear from a review of Plaintiffs' appeals that Plaintiffs failed to explain their basis for why the services were medically necessary and not experimental and investigational. (Horizon's Motion for Summary Judgment, Exhibits "C" and "E"). Furthermore, a close examination of Plaintiffs' appeals reveals they are little more than pro forma appeal forms with no individualized assessment provided with respect to the services rendered to D.C. that are at issue in this litigation. (See Exhibit "A" to Plaintiff's opposition (this appeal does not mention patient D.C. or give any reasons why the MUA procedures in this instance were medically necessary or even mention medical necessity. Also, the pages bate stamped MSC000012 and MSC000013 provide "blanks" where Horizon is handwritten into said blanks. This illustrates that this is a standard appeal form typically used by Plaintiffs and provides no individualized assessment on which Horizon could overturn its original benefit determination)). Horizon

3

properly responded to the appeals submitted on behalf of Plaintiffs confirming its initial coverage determination to deny benefits. (SOF, ¶ 22, 25).

## III. LEGAL ARGUMENT

### A. Plaintiffs Have Improperly Stated the Standard of Review

Plaintiffs erroneously contend, in their opposition, that the "standard to establish whether the parameters of the ERISA governed health plan are controlling, is whether the determination of a reasonable and customary rate (UCR)[1] was arbitrary and capricious." However this analysis is clearly misplaced; it cannot be disputed that the "parameters" of the Plan control the determination. The arbitrary and capricious standard instead applies to the Horizon's determination of benefits under the terms of the Plan. Where an administrator's actions fall within the language of the plan, the actions are not arbitrary or capricious as a matter of law and, instead a court must defer to the claim administrator. Shapiro v. Metro. Life Ins. Co., Civ. A. No. 08-6204, 2010 WL 1779392 (D.N.J. Apr. 30, 2010) (Pisano, J.). Furthermore, a court "may not substitute its own judgment as to the interpretation of the plan where this heightened standard is deemed appropriate." Id. at *4-5. In this instance, it is clear that under the terms of the Plan, Horizon is granted the "sole right to make a decision or determination." Therefore, Horizon's benefit determination will only be reviewed for abuse of discretion. Howley v. Mellon Fin. Corp., 625 F.3d 788, 792 (3d Cir. 2010)(internal citations omitted).

---

[1] The key determination in this case is whether the services performed, MUA, are "experimental and investigational" and therefore barred from coverage under the clear terms of the applicable health benefit plan. Determination of a reasonable and customary rate (UCR) is not at issue in this case. Clearly this analysis and contention by Plaintiff that this is the governing standard is misplaced.

4

### B. Plaintiffs Have Failed to Establish that Horizon's Denial was Arbitrary and Capricious Based on the Applicable Record

As set forth in Horizon's motion for summary judgment, Plaintiffs failed to provide sufficient evidentiary support in their appeals to illustrate that Horizon acted arbitrarily and capriciously when it denied coverage for the MUAs at issue.

#### 1. Plaintiffs Have Failed to Demonstrate that Horizon has Acted in Violation of ERISA

Plaintiffs' opposition argues that "the facts show that Horizon has acted in violation of ERISA." Plaintiffs fail to provide any factual or legal support for this position. Plaintiff argues that "Horizon's entire basis for denying the MUA of the spine and shoulders is based upon its blanket policy of denying this medical procedure regardless of the efficacy and medical benefit to the patient." In support of their position, Plaintiffs cite ERISA 502(a)(1)(B), which states that a civil action may be brought by a participant or beneficiary to recover benefits due under the terms of the plan. To supplement their argument, Plaintiffs claim they "followed the multi-stage appeals process dictated by Horizon through to a fruitless end." Plaintiffs claim that "based upon the extensive medical literature and acceptance of the MUA procedure in the medical community, Horizon's decision to deny payment for the MUA for D.C.'s medical treatment is unreasonable."

Plaintiff has failed to present any evidence that Horizon acted in violation of ERISA 502(a)(1)(B). Instead, the administrative record makes it clear that no benefits are due under the terms of the Plan, which gives Horizon discretion to administer benefits and denies coverage for services deemed to be "experimental and investigational." Although Plaintiffs claim the multi-stage appeals process resulted in a "fruitless end," Plaintiffs failed to present sufficient evidence on appeal upon which Horizon could reasonably be expected to rely upon in overturning its original benefit determination. Plaintiffs' appeals provided no individualized assessment why

5

the claims at issue in this litigation were not "experimental and investigational." Furthermore, Plaintiffs' appeals did not support the argument Plaintiffs now make that MUA is accepted in the medical community. Plaintiffs' dissatisfaction with Horizon's determination of benefits is not enough to show that Horizon has violated ERISA.

### 2. Plaintiffs Failed to Appeal the Issue of Medical Necessity for the MUA Procedures at Issue in this Litigation

Plaintiffs' claim that "Horizon never addresses the medical necessity of D.C.s medical treatment since they erect the barrier by deeming the MUA procedure on a whole as experimental and investigational." Plaintiffs' position is that Horizon never provided a medical review of necessity for D.C. and "the fact that the specific records of D.C. are not reviewed or taken under consideration speaks to the manner in which Horizon's policy is arbitrary and capricious." Even a cursory review of the administrative record shows that Plaintiffs' position is without any evidentiary support.

Plaintiffs claim that, in appealing the denial, Plaintiffs submitted a "letter detailing the case and explaining why the procedures were medially necessary." A review of the appeals in this matter reveals that medical necessity was not mentioned and no individualized assessment was undertaken in the appeals. The patient, D.C., was never mentioned in any of the appeals letters and no attempt was made to explain why the MUA procedures were medically necessary in this instance. It is difficult to fathom Plaintiffs' argument that Horizon somehow violated ERISA by failing to address an issue that Plaintiffs never raised on appeal. Furthermore, Horizon's response to the appeals submitted by Plaintiffs clearly state "after consideration of all information provided, it has been determined that the denial is upheld." The appeal further states "your plan only provides coverage for services deemed by us to be medically necessary and

appropriate." Plaintiffs' failure to mention medical necessity on appeal cannot reasonably be held against Horizon and used to defeat Horizon's motion for summary judgment.

### 3. The Applicable Legal Authority Illustrates that Horizon is Entitled to Summary Judgment as a Matter of Law

In their opposition to Horizon's motion for summary judgment, Plaintiffs claim that the "holding" of DeVito v. Aetna, 536 F.Supp.2d 523 (D.N.J. 2008) is instructive and "urges the Court to adopt the DeVito reasoning in this case." However, the DeVito case dealt with a motion to dismiss pursuant to Rule 12(b)(6), not a motion for summary judgment. Furthermore, no appeals were undertaken in DeVito to challenge the denial of benefits. In this instance, Plaintiffs exhausted Horizon's multi-level appeals process challenging the benefit determination at issue. The factual circumstances in this matter and DeVito differ substantially, so that any analogy between the two (2) is baseless.

Plaintiffs' opposition also essentially ignores Advanced Rehab, LLC v. United Healthgroup, Inc., 2012 U.S. App. LEXIS 20050 (3d Cir. September 25, 2012). However, this case deals precisely with the issues present in this case, namely, the denial of MUA procedures by health insurance carriers on the basis that these procedures are "experimental and investigational" and not "medically necessary and appropriate." Plaintiffs argue that Horizon's denial of reimbursement for MUAs was somehow arbitrary and capricious because Horizon relies on a "blanket policy of denying MUA claims for pain." However, even assuming Horizon did have a blanket policy of denying MUA claims, Advanced Rehab rejected Plaintiffs precise argument stating "even assuming the existence of such a policy, however, Plaintiffs allegation fall well short of plausibly showing that the policy was arbitrary and capricious. Indeed, if MUA procedures were either 'experimental' or not 'medically necessary' as defined by the

representative plans, routinely denying coverage for such procedures would have been consistent with the terms of those plan." Id. at *9.

Furthermore, in <u>Generations Physical Med., LLC v. United Health Care Servs., Inc.</u>, the court dismissed the plaintiff's claim and concluded that the plan administrator's decision that the plaintiff's claims for MUA was experimental and investigational was supported by "the plain language of the Plan and incorporate policies" and therefore not arbitrary and capricious. Civ. A. No. 11-2790, 2012 U.S. Dist. LEXIS 5675 at *10 (D.N.J. Jan. 18, 2012). Similar to the Plan in this matter, the court in <u>Generations Physical Med.</u> recognized that the plan "explicitly states that experimental, investigational, or unproven services are excluded from coverage and defined the "various criteria and standards that [d]efendant uses in determining whether such a service is experimental, investigational, and/or unproven." Id. at *9. The court's decision discussed the defendant's policy on MUAs, which were determined to be "unproven, and therefore excluded from coverage" for treatment of the spine, hip and pelvic. Id. The court dismissed the case, stating "the plain language of the plan and the incorporated policies demonstrates that Plaintiff fails to state a claim that Defendant's coverage determination and denial of benefits was arbitrary or capricious." Id. at *10.

Applying the applicable holdings from both <u>Advanced Rehab</u> and <u>Generations Physical Med.</u> illustrates that Horizon's decision, in its discretion as plan administrator, to deny benefits because MUAs are "experimental and investigational" was not "arbitrary and capricious where it was clearly grounded in the Plan's provisions and terms. Horizon is entitled to rely upon its clinical policies as set forth in Medical Policy 077 and Plaintiffs' re-submission of medical records, along with medical literature to support its claim, cannot defeat the reasonableness of Horizon's medical policies and Horizon's application of the plan and unambiguous terms of the

8

Plan to deny coverage. Accordingly, summary judgment is warranted as to Plaintiffs' ERISA claims, as Horizon's determination was not arbitrary and capricious.

### C. Plaintiffs' State Law Claims are Pre-Empted by ERISA

Plaintiffs' Complaint brought state law claims against Horizon for breach of contract, promissory estoppel and negligent misrepresentation based on Horizon's denial of benefits. (Complaint, Counts II through IV). In their opposition to Horizon's motion for summary judgment, Plaintiffs' conceded that this case was governed by ERISA. As such, Plaintiffs' state law claims are pre-empted by Section 502(a) of ERISA, 29 U.S.C. §1132(a) and Section 514(a) of ERISA, 29 U.S.C. §1144(a). Accordingly, summary judgment is warranted as to Plaintiffs' state law claims, as it is undisputed they are pre-empted by ERISA.

### D. Horizon is Entitled to Reasonable Attorney's Fees and Costs

In their opposition to Horizon's motion for summary judgment, Plaintiff failed to oppose Horizon's argument that they are entitled to reasonable attorney's fees and costs pursuant to ERISA, 29 U.S.C. §1132(g). Horizon again reiterates its position that it is entitled to reasonable attorney's fees and costs, as Plaintiff knew or should have known it has no colorable claim against Horizon. McPherson v. Employees' Pension Plan of Am. Re-Insurance Co., 33 F.3d 253 (3d Cir. 1994).

Plaintiffs have failed to argue in their opposition that it provided any information on appeal on which Horizon could rely upon to change its initial benefit determination. Plaintiff, an alleged sophisticated medical center, should be aware from a review of its appeals in this matter that it failed to provide any information supporting its claims in this matter and that said claims would fail as a matter of law. As Plaintiff knew or should have known that its claims lacked legal merit, Horizon is entitled to an aware off reasonable attorney's fees and costs.

9

Furthermore, Plaintiff was made aware of the <u>Advanced Rehab</u> holding on or about October 15, 2012. On this date, counsel for Horizon wrote to counsel for Plaintiffs and attached a copy of the <u>Advanced Rehab</u> decision. Counsel for Horizon pointed out the similarity between the claims in this matter and Advanced Rehab and asked that Plaintiffs voluntarily dismiss this matter. Counsel for Horizon gave notice that failure to voluntarily dismiss this matter would result in Horizon seeking its fees and costs incurred in conjunction with defending the matter pursuant to ERISA, 29 U.S.C. §1001 <u>et seq.</u>

10

## CONCLUSION

For all the forgoing reasons, Defendant Horizon Blue Cross Blue Shield of New Jersey respectfully requests that this Court grant summary judgment in favor of Horizon and dismiss Plaintiffs' complaint with prejudice.

CONNELL FOLEY LLP
*Attorneys for Defendant Horizon Blue Cross Blue Shield of New Jersey*

BY: _____
Edward S. Wardell, Esquire
Matthew A. Baker, Esquire

DATE:   March 11, 2013