NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MONTVALE SURGICAL CENTER, LLC., et al. | : | Hon. Faith S. Hochberg, U.S.D.J. |
| | : | |
| Plaintiffs, | : | Civil Case No. 12-3995 (FSH) |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| HORIZON BLUE CROSS BLUE SHIELD OF NJ | : | Date: September 20, 2013 |
| | : | |
| Defendant. | : | |

This matter comes before the Court upon the pending motion for summary judgment [Dkt. No. 11]. Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") seeks summary judgment on the complaint brought by Plaintiffs Montvale Surgical Center LLC, In-Balance Health LLC, and Health Switch LLC as assignees of the patient "D.C." The Court considers the motion pursuant to Federal Rule of Civil Procedure 78.

## I.     Background

Between March 30, 2010 and April 1, 2010, D.C. received manipulations under anesthesia using services provided by the plaintiffs. (D. 56.1 ¶ 18, P. 56.1 ¶ 18).[1] Montvale Surgical Center is an outpatient ambulatory service center, Health Switch is a chiropractic center providing medical services, and In-Balance Health is "a multi-disciplinary medical facility with specialties including pain management." (D. 56.1 ¶¶ 6-7, P. 56.1 ¶¶ 6-7). D.C. receives health benefits through her employer. Her health benefits plan is governed by the Employee

---

[1]     "D. 56.1" refers to the Defendant's Statement of Material Facts under Local Civil Rule 56.1. "P. 56.1" refers to the Plaintiffs' Responsive Statement.

1

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* It is insured by Horizon. (D. 56.1 ¶¶ 9-10, P. 56.1 ¶¶ 9-10).

D.C.'s health benefits plan does not cover experimental or investigational procedures. (Def. Ex. A at 75). Horizon has a specific policy stating that "[s]pinal manipulation under anesthesia is considered **investigational** for the treatment of pain syndromes of musculoskeletal origin. . . ." (Def. Ex. H at 2). Horizon considers manipulation under anesthesia to be medically necessary under certain conditions when a patient suffers from "frozen shoulder" or arthofibrosis of the knee. (*Id.*). Manipulations under anesthesia of body joints for all other reasons are considered to be investigational. (*Id.*).

When the plaintiffs billed Horizon for the manipulations under anesthesia performed on D.C.,[2] Horizon denied the claims. (D. 56.1 ¶ 19, P. ¶ 19). Horizon stated: "[T]his service is considered an experimental procedure, it is ineligible for payment." (*Id.*). Plaintiffs appealed, submitting a cover sheet stating "[e]nclosed you will find claim forms that are being resubmitted as an appeal for processing," and attached D.C.'s progress notes. (Def. Ex. C). Horizon denied the appeal on the grounds that "[t]he manipulation of any portion of the spine is investigational." (Def. Ex. D).[3] Plaintiffs then appealed a second time, stating "Spinal Manipulation under anesthesia and all other manipulations under anesthesia or[sic] not experimental and

---

[2] D.C. assigned her benefits under the plan for these services to the plaintiffs.

[3] However, Horizon did approve payment for shoulder manipulation under anesthesia performed on D.C. by Plaintiffs after this appeal. (Def. Ex. D).

investigational." (Def. Ex. E).[4] That appeal was also denied on the grounds that "manipulation of the spine under anesthesia is investigational." (Def. Ex. F).[5]

Plaintiffs filed a complaint against Horizon in New Jersey Superior Court for claims sounding in common law based upon Horizon's denial of payment. Horizon then removed the case to this Court on the basis that Plaintiffs' claims were preempted by ERISA. This motion for summary judgment followed.

## II.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, "[s]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). All facts and inferences must be construed in the light most favorable to the non-moving party. *Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994). The judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. "Consequently, the court must ask whether, on the summary judgment record, reasonable

---

[4]     In support of their appeal, Plaintiffs stated that "Manipulation under Anesthesia" is included in the American Medical Association's CPT codebook of reimbursable procedures as a "category 1 procedure." (Def. Ex. E).

[5]     Plaintiffs state that there were additional appeals. (P. 56.1 ¶ 21). Those additional appeals are discussed *infra*.

jurors could find facts that demonstrated, by a preponderance of the evidence, that the nonmoving party is entitled to a verdict." *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829, 860 (3d Cir. 1990).

The party seeking summary judgment always bears the initial burden of production. *Celotex Corp.*, 477 U.S. at 323. This burden requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *Id.* at 322-23. Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party.

To avoid summary judgment, the nonmoving party must then demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of a "genuine issue of material fact" justifying trial. *Miller*, 843 F.2d at 143; *accord Celotex Corp.*, 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587 (*quoting First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### III.    Discussion

The complaint in this case challenges the denial of benefits by Horizon under an ERISA-governed plan. Although Plaintiffs seek relief under a theory of breach of contract, promissory estoppel, negligent misrepresentation, and unjust enrichment, those causes of action are expressly preempted by Section 502(a)(1)(B) of ERISA.[6] *See Metro. Life Ins. Co. v. Taylor*, 481

---

[6]    29 U.S.C. § 1132(a)(1)(B).

U.S. 58, 63-64 (1987) ("[A] suit by a beneficiary to recover benefits from a covered plan . . . falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes."). Plaintiffs concede that the Court should interpret their claim as a suit for unpaid benefits under Section 502(a)(1)(B).[7]

## A. Summary Judgment

Horizon argues that it is entitled to summary judgment because Plaintiffs cannot show Horizon's denial of benefits was improper. D.C.'s health plan provides that Horizon has the discretionary authority to "make a decision or determination" regarding benefits. (D. 56.1 ¶ 11, P. 56.1 ¶ 11). As discussed above, the plan does not cover "experimental and investigational" services, and Horizon has issued a policy statement explaining that it considers various forms of manipulation under anesthesia to be experimental.

Because Horizon had discretionary authority to determine whether it would provide benefits, under the terms of the plan, the Court must review its determination in this case for an abuse of discretion. *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011).[8] Under that standard of review, a court may overturn an administrator's decision only if "it is 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Id.* (quoting *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 845 (3d Cir. 2011)).

During their appeal of Horizon's denial of benefits, Plaintiffs argued that manipulations under anesthesia are not investigational because they have been included in the American

---

[7]     ERISA § 502(a)(1)(B) expressly grants a plan participant or beneficiary the right to bring a civil suit to "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

[8]     In the ERISA context, this is also called the arbitrary and capricious standard of review. The terms "abuse of discretion" and "arbitrary and capricious" are interchangeable in ERISA cases. *Viera*, 642 F.3d at 413 n.4.

Medical Association (AMA)'s Codebook of Reimbursable Procedures. They also provided D.C.'s progress notes. Finally, they sent Horizon a list of citations and quotations from various medical literature which they argued "support[ed] the efficacy" of manipulation under anesthesia. (*See* Opp'n Br. Ex. A). Plaintiffs now claim that, based upon this evidence, Horizon's denial of benefits was arbitrary. They also argue that Horizon failed to make any individualized assessment of medical necessity in this case, and has an inappropriate "blanket policy" of denying payment for manipulation under anesthesia. (Opp'n Br. at 10).

In assessing whether summary judgment is appropriate in this case, the Third Circuit's recent decision in *Advanced Rehabilitation v. UnitedHealth Group, Inc.*, 498 F. App'x 173 (3d Cir. 2012) is instructive. In that case, the plaintiffs were healthcare providers who filed a class action alleging that Defendant UnitedHealth had a blanket policy of denying coverage for manipulation under anesthesia in violation of ERISA. *Id.* at 174-75. In affirming the district court's dismissal of the case for failure to state a claim, the Circuit noted that plaintiffs had relied on the inclusion of manipulation under anesthesia in the AMA Codebook. It stated that "a mere CPT code is not enough to establish a plausible claim for relief." *Id.* at 177. It also observed that the complaint was "fatally flawed" because it did not include an individualized assessment of why manipulation under anesthesia was safe and effective for the individual patients in the case. *Id.*

Following *Advanced Rehabilitation*, a district court recently granted a motion to dismiss on similar grounds. *See Prospect Medical, P.C. v. Cigna Corp.*, No. 09-5912, 2013 U.S. Dist. LEXIS 85753 (D.N.J. June 19, 2013). In *Prospect Medical*, the district court granted a motion to dismiss where plaintiffs brought a class action complaint alleging the Connecticut General Life Insurance Company had an inappropriate blanket policy of denying claims for manipulation

under anesthesia. *Id.* at * 2. In that case, the plaintiffs had failed to provide an individualized assessment of why treatment with manipulation under anesthesia was medically necessary for the patients treated by the plaintiffs. *Id.* at *12-13. The district court also found unpersuasive plaintiffs' argument that inclusion of manipulation under anesthesia in the AMA Codebook demonstrated the treatment was not experimental. *Id.* at *15.

The decisions in *Advance Rehabilitation* and *Prospect Medical* are persuasive. The facts in those cases are highly similar to those in the instant case. During the appeals process, Plaintiffs cited to the inclusion of this procedure in the AMA Guidebook. However, "[a] mere CPT code is not enough to establish a plausible claim for relief." *Advanced Rehabilitation*, 498 F. App'x at 177. Although Plaintiffs provided a long list of citations and quotes which they claimed supported the proposition that manipulation under anesthesia is not investigational, at no point during the appeals process did they provide an individualized assessment of why manipulation under anesthesia was medically necessary for D.C. They now argue that Horizon should have provided such an individualized assessment, but Plaintiffs themselves provided what appear to be a series of forms with filled-in blanks in support of their appeals. Given these facts, no reasonable fact finder could find that Horizon's denial of benefits was arbitrary and capricious.[9]

Horizon does not provide benefits for services considered to be investigational. It has a published policy that certain manipulations under anesthesia are considered investigational, and

---

[9]     Plaintiffs attempt to distinguish *Advanced Rehabilitation* on the grounds that in that case "there was not any statement from a medical director approving the shoulder CPT MUA as Dr. Harris did in this case." (Opp'n Br. at 13). However, Plaintiffs have not explained why that distinction is material. Plaintiffs also cite a portion of *DeVito v. Aetna, Inc.*, 536 F. Supp. 2d 523 (D.N.J. 2008), which discusses whether a motion to dismiss in that case was appropriate on the grounds that the plaintiffs had failed to exhaust their administrative remedies. Exhaustion of administrative remedies is not an issue in this case.

when the plaintiffs tried to receive benefits for those services Horizon denied coverage.  *See Generations Physical Med., LLC v. United Healthcare Services, Inc.*, No. 11-2790, 2012 U.S. Dist. LEXIS 5675 at *8 (D.N.J. Jan. 18, 2012) (granting motion to dismiss complaint by healthcare providers seeking payment for manipulation under anesthesia where healthcare plan at issue explicitly stated it did not cover such services as they were considered "investigational"). There is no genuine issue for trial.

### B.  Request for Fees and Costs

Horizon also requests that this Court award attorneys' fees and costs.  ERISA states that "the court in its discretion may allow a reasonable attorney's fee and costs of action" to a prevailing party.  29 U.S.C. § 1132(g)(1).  This provision permits a district court "to award fees and costs to any party that has achieved 'some degree of success on the merits.'"  *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 103 (3d Cir. 2012) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010)).  In determining whether an award of attorney's fees is appropriate, the Court is to consider: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position."  *McPherson v. Employees' Pension Plan of Am. Re-Insurance Co.*, 33 F.3d 253, 254 (3d Cir. 1994).  Horizon argues it notified Plaintiffs of the decision in *Advanced Rehabilitation*, and is therefore entitled to fees. While *Advanced Rehabilitation* is highly persuasive, it is not precedential.  Plaintiffs' decision to maintain their action even after being notified of that decision does not demonstrate bad faith. The request for attorney's fees and costs is denied.

**IV.     Conclusion & Order**

For the reasons stated above,

**IT IS** on this 20th day of September, 2013,

**ORDERED** that summary judgment is **GRANTED** in favor of Defendant Horizon Blue

Cross Blue Shield of New Jersey; and it is further

**ORDERED** that the request for attorney's fees and costs is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is to **CLOSE** this case.


/s/ Faith S. Hochberg_____

Hon. Faith S. Hochberg, U.S.D.J.